Scott A. Kronland (SBN 171693)
skronland@altber.com
Matthew J. Murray (SBN 271461)
mmurray@altber.com
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Ira L. Gottlieb (SBN 103236)
igottlieb@bushgottlieb.com
Michael E. Plank (SBN 290943)
plank@bushgottlieb.com
BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, CA 91203
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

*Attorneys for Intervenor-Defendant*
*United Teachers Los Angeles*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY KRIEGER, *et al.* <br>     Plaintiffs, <br><br> v. <br><br> ERIC BANKS, *et al.*, <br>     Defendants, <br><br> and <br><br> UNITED TEACHERS LOS ANGELES, <br>     Intervenor-Defendant. | **Case No. 2:24-CV-08589-SVW-SK** <br><br> **REPLY IN SUPPORT OF INTERVENOR-DEFENDANT UTLA'S MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> Date: March 10, 2025 <br> Time: 1:30 PM <br> Judge: Hon. Stephen V. Wilson <br> Courtroom: Courtroom 10A <br><br> Action Filed: October 7, 2024 |

# INTRODUCTION

Plaintiffs do not dispute that they allege no facts that distinguish the exclusive representation system at issue here from the systems upheld in *Minnesota State Board for Community Colleges v. Knight*, 465 U.S. 271 (1984), and *Mentele v. Inslee*, 916 F.3d 783 (9th Cir. 2019). As the Supreme Court held in *Knight*, the designation of a union as an exclusive bargaining representative "in no way restrain[s] … [the employees'] freedom to associate or not to associate with whom they please, including the exclusive representative." 465 U.S. at 288. The Ninth Circuit reiterated the point, holding that, under *Knight*, state "authorization of an exclusive bargaining representative does not infringe [employee's] First Amendment rights." *Mentele*, 916 F.3d at 789. That binding on-point authority forecloses plaintiffs' First Amendment claims.

Plaintiffs' "unconstitutional conditions" claim fails for the same reason. Plaintiffs have not been required to waive or relinquish any constitutional rights because exclusive representation does not violate their First Amendment rights.

Plaintiffs' procedural due process claim fails because, under Ninth Circuit precedent, there is no constitutional deprivation when an employee authorizes dues deductions to continue for a set period time and the public employer simply complies with that authorization. *Belgau v. Inslee*, 975 F.3d 940, 950–52 (9th Cir. 2020). Plaintiffs concede they signed union membership agreements and do not allege that those agreements failed to provide authorization for the post-resignation dues at issue. Nor do plaintiffs dispute that they never informed their employer of any challenge to the validity or terms of their agreements. They thus have failed to state a viable procedural due process claim.

Plaintiffs have failed to suggest any facts they could add to the complaint to cure these fatal legal flaws. Judgment should thus be granted against all plaintiffs' claims without leave to amend.

I. ***Knight* and *Mentele* foreclose Plaintiffs' First Amendment challenge to exclusive-representative collective bargaining (Count I).**

UTLA has explained why *Knight* and *Mentele* foreclose plaintiffs' First Amendment challenge to exclusive-representative collective bargaining (and every other court of appeals to address this issue agrees). Dkt. 28-1 (UTLA MJOP) at 9, 14-20.[1] Plaintiffs do not dispute that the exclusive representation system here is the same as the systems at issue in those cases, so those precedents are dispositive.

Plaintiffs argue that reasonable people would believe that all workers in the bargaining unit, even if they are not union members, agree with the speech of the democratically chosen union representative. As an initial matter, that is nonsense. Reasonable people would understand that the exclusive representative expresses the "faculty's official collective position" and "not every instructor agrees with the official faculty view on every policy question." *Knight*, 465 U.S. at 276; *see also Reisman v. Associated Faculties of Univ. of Maine*, 939 F.3d 409, 413 (1st Cir. 2019), *cert. denied*, 141 S. Ct. 445 (2020) (exclusive representative represents unit as a whole, not every individual worker); *D'Agostino v. Baker*, 812 F.3d 240, 244 (1st Cir. 2016) (Souter, J.), *cert. denied*, 579 U.S. 909 (2016) ("[W]hen an exclusive bargaining agent is selected by majority choice, it is readily understood that employees in the minority, union or not, will probably disagree with some positions taken by the agent answerable to the majority."); *cf. Bd. of Educ. of Westside Cmty. Sch. v. Mergens*, 496 U.S. 226, 250 (1990) (even high school students understand that school does not endorse speech of school-recognized student groups). In any event, plaintiffs allege no facts to distinguish the situation here from the situation in *Knight*, which held that exclusive-representative bargaining does not violate the expressive associational rights of nonmembers. *Knight* thus controls.

Plaintiffs rely heavily on *Crowe v. Oregon State Bar*, 112 F.4th 1218 (9th Cir. 2024), but that case involved a law that required individuals (attorneys) to become

---

[1] Citations are to the ECF page numbers printed at the top of each filing.

*members* of the defendant organization (bar association) and pay it dues, and involved a specific communication from the defendant that made it appear that all its members supported the organization's views. *Id.* at 1225, 1233–34 (reasoning that when "a plaintiff challenges a requirement that *he join an organization*, the plaintiff can establish an infringement on his freedom of association by showing that *his membership in the organization* impairs his own expression") (emphases added). Here, plaintiffs are not members of the Union. To the contrary, they have resigned their union memberships, and they do not dispute that they are not required to say or do anything to support the Union. Dkt. 28-1 at 18. *Crowe* did nothing to disturb the holding in *Mentele* that exclusive-representative bargaining involves no infringement of nonmembers' First Amendment rights. *See Crowe*, 112 F.4th at 1233 (favorably citing *Mentele*). Moreover, plaintiffs do not allege any specific communication the Union made on behalf of *nonmembers*, or seek a disclaimer (which was the only remedy the Ninth Circuit recognized as available in *Crowe*, 112 F.4th at 1240).

      Plaintiffs say they are "bargaining unit members," but that is semantics. Being a bargaining unit member just means being an employee in one of the job classifications whose terms and conditions of employment are set through collective bargaining with the Union. Like being a "member of the public," it does not imply any action by the individual to affiliate with an expressive organization. The Ninth Circuit in *Crowe* was clear that "[n]ot all interactions with other people that 'might be described as "associational" in common parlance … involve the sort of expressive association that the First Amendment has been held to protect.'" *Id.* at 1234 (citation omitted). Plaintiffs have no First Amendment right to demand that LAUSD set their employment terms without negotiating with a union, any more than they have a First Amendment right to demand that LAUSD establish separate school sites or departments or otherwise restructure the organization of its workforce so they never have to interact with colleagues who have different views. "[T]he 'freedom not to associate' … is not implicated every time a person would prefer to avoid some

interaction." *Id.* Under both *Knight* and *Mentele*, simply being an employee in a workplace where the employer negotiates terms and conditions of employment with an exclusive bargaining representative is not an "expressive association" that implicates the First Amendment.

      Plaintiffs refer to the "free exercise" of religion and the Establishment Clause in their opposition papers, but their First Amended Complaint does not include a Free Exercise or Establishment Clause claim. *See generally* Dkt. 29 (FAC). Nor could plaintiffs allege such a claim. They do not allege that the tenets of the Jewish religion require individual rather than collective bargaining in one's employment and, in any event, it is black-letter law that a neutral and generally applicable law (like California's law creating an exclusive-representative bargaining system) does not violate the Constitution's Free Exercise clause—even if it does burden the free exercise of religion—as long as there is a rational basis for the law. *See Emp. Div., Dep't of Hum. Res. of Oregon v. Smith*, 494 U.S. 872, 879 (1990); *Parents for Privacy v. Barr*, 949 F.3d 1210, 1233–36 (9th Cir. 2020). There also could be no plausible Establishment Clause claim here, because plaintiffs allege no facts to show that the Union is a church or that the State is doing anything to inquire into the validity of any religious belief or to treat some religions more favorably than others.

**II.  Exclusive-representative collective bargaining is not an "unconstitutional condition" because it is not unconstitutional (Count II).**

      Plaintiffs' oppositions say nothing to refute the dispositive point that there can be no "unconstitutional condition" here because *Knight* and *Mentele* hold that exclusive representation is not unconstitutional. Dkt. 28-1 at 20-21. Plaintiffs appear to argue that even if an exclusive-representative system does not violate their First Amendment rights, they still have a viable "unconstitutional conditions" claim. The argument is incoherent. As the primary Ninth Circuit case on which plaintiffs rely makes clear, the unconstitutional conditions doctrine applies where "the government succeeds in pressuring the plaintiff into *forfeiting a constitutional right* in exchange

for a benefit or the government withholds a benefit based on the plaintiff's refusal to *surrender a constitutional right.*" *Stavrianoudakis v. U.S. Fish & Wildlife Serv.*, 108 F.4th 1128, 1137 (9th Cir. 2024) (emphases added); *see also Hotop v. City of San Jose*, 982 F.3d 710, 718 (9th Cir. 2020) ("'A predicate for any unconstitutional conditions claim is that the government could not have constitutionally ordered the person asserting the claim to do what it attempted to pressure that person into doing.'") (citation omitted).

Under binding precedent, a public employer's adoption of an exclusive-representative bargaining system does not require employees to give up any First Amendment rights, because such a system violates no First Amendment rights in the first place. *Supra* at 2-4. *Stavrianoudakis* held that plaintiffs who alleged that they were required to waive their Fourth Amendment rights against unreasonable searches and seizures in exchange for obtaining a falconry license had standing to challenge that requirement, and "whether the conditions imposed" by the mandatory waiver in fact "offend[ed] the Fourth Amendment goes to the merits of the [plaintiffs'] claim." 108 F.4th at 1138. Here, *Knight* and *Mentele* dictate that plaintiffs' First Amendment-based unconstitutional conditions claim fails on the merits.

### III. Plaintiffs fail to state a viable claim for violation of procedural due process (Count III).

Plaintiffs cannot refute UTLA's showing that their complaint fails to state a plausible procedural due process claim. Dkt. 28-1 at 21-23. First, plaintiffs do not dispute that they signed union membership agreements authorizing the deductions at issue in this case. This case thus is identical to *Belgau*, which held that deduction of union dues pursuant to an employee's voluntary membership agreement, including for an agreed-upon period of time following the employee's resignation, does not violate the First Amendment. 975 F.3d at 950–52. Plaintiffs do not dispute that their "due process" arguments challenging voluntary authorized dues deductions have been rejected by every court to consider them, because authorized deductions

involve no constitutional "deprivation." *See, e.g.*, *Wheatley v. New York State United Tchrs.*, 80 F.4th 386, 392–93 (2d Cir. 2023); *Wagner v. Univ. of Wash.*, 2020 WL 5520947, at *5 (W.D. Wash. Sept. 11, 2020), *aff'd*, 2022 WL 1658245, at *1 (9th Cir. May 25, 2022); Dkt. 28-1 at 22-23 (citing additional cases). Plaintiffs' references to an absence of "pre-deprivation" process makes no sense here, where there is no constitutional "deprivation" in the first place.

Second, plaintiffs do not dispute that they never informed their employer, LAUSD, that it was erroneously deducting dues. That in itself is dispositive. Plaintiffs do not dispute that under California law, LAUSD must rely on union lists of which employees have properly authorized or canceled deductions, Cal. Educ. Code §§45060(e), 45168(a)(6), and under binding Ninth Circuit precedent, the government's deduction of dues in reliance on information provided by a union about which employees have validly authorized dues deductions does not violate procedural due process. *Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1110–11 (9th Cir. 2022). Plaintiffs have no response.

**IV.  Judgment should be granted without leave to amend.**

Plaintiffs argue that they should be given leave to amend their complaint, but that would be futile. Plaintiffs do not offer any facts that they would allege to show the exclusive-representative system at issue here is materially different from the systems at issue in *Knight* and *Mentele*. Nor could they. The strength of their views does not create a constitutionally cognizable expressive association that does not otherwise exist. Defendants have also pointed out that plaintiffs failed to allege that they did not authorize the dues deductions they now challenge, Dkt. 28-1 at 21-23, and plaintiffs do not contend that they would or could allege facts to show otherwise. *See Parents for Privacy*, 949 F.3d at 1239 (no leave to amend required where "[p]laintiffs have not shown … how they could amend their complaint to remedy the many legal deficiencies in their claims"). The problem with the complaint is that

"[p]laintiffs' legal theories fail" so "[f]urther amendment would simply be a futile exercise." *Id.*

## CONCLUSION

The Court should enter judgment on the pleadings against all of plaintiffs' claims, without leave to amend.

DATED:  February 24, 2025      By: /s/ Scott A. Kronland

                                                  Scott A. Kronland
                                                  Matthew J. Murray
                                                  ALTSHULER BERZON LLP

                                                  Ira L. Gottlieb
                                                  Michael E. Plank
                                                  BUSH GOTTLIEB

                                                  *Attorneys for Intervenor-Defendant*
                                                  *United Teachers Los Angeles*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Intervenor-Defendant United Teachers Los Angeles, certifies that this brief contains 2,030 words, which complies with the word limit of L.R. 11-6.1.

DATED: February 24, 2025          By: /s/ Scott A. Kronland
                                        Scott A. Kronland