UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08589-SVW-SK | Date | July 21, 2025 |
|---|---|---|---|
| Title | *Kimberly Krieger et al v. Eric Banks et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [23][24] AND INTERVENOR-DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [28]

## I.      Introduction

Before the Court are two motions to dismiss, one brought by Defendants Eric Banks, Arthur A. Krantz, Lou Paulson, and Mark Krausse (collectively, the "PERB Defendants") and one brought by Alberto Carvalho ("Carvalho"). PERB Defendants' Motion to Dismiss, ECF No. 23 ("PERB Mot."); Carvalho's Motion to Dismiss ("LAUSD Mot."). Also before the court is a motion for judgment on the pleadings brought by Intervenor-Defendant United Teachers Los Angeles ("UTLA"). UTLA's Motion for Judgment on the Pleadings, ECF No. 28 ("UTLA Mot."). For the following reasons, the various motions are GRANTED.

## II.      Factual and Procedural Background

Plaintiffs Kimberly Krieger, Carli Golbin, Anna Kingston, Barry Blisten, Oria Castroll Wagner, Omri Levy, and Jane Doe (collectively, "Plaintiffs") are public school employees of the Los Angeles Unified School District (LAUSD). First Amended Complaint, ECF No. 21[1] ("FAC") ¶¶ 9-22.

---

[1] Plaintiffs later filed a corrected version of this complaint, but only the caption page was changed and exhibits attached to

_____ : _____
Initials of Preparer

DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08589-SVW-SK | Date | July 21, 2025 |
|---|---|---|---|
| Title | *Kimberly Krieger et al v. Eric Banks et al* | | |

The PERB Defendants are the members of the Public Employee Relations Board ("PERB") appointed pursuant to a California statute. *Id*. ¶ 24-28. The PERB Defendants are responsible for enforcing the provisions of the California Educational Employment Relations Act (EERA), pursuant to which PERB certifies bargaining units of public employees and certifies a union to be each unit's exclusive representative for collective bargaining. *Id*. ¶¶ 25-28, 30. The EERA provisions PERB enforces also prohibit any attempt by Plaintiffs to renegotiate their wages, hours, or working conditions directly with LAUSD, forces Plaintiffs to be included in the instructional staff bargaining unit represented by UTLA, and provides that once an employee joins a union, the employee must maintain their membership for the duration of the current written agreement. *Id*. ¶¶ 34-36.

UTLA is the union certified by PERB to be the exclusive representative for LAUSD public school employees,[2] the bargaining unit to which Plaintiffs belong. *Id*. ¶¶ 33, 41. A certified union like UTLA has exclusive legal authority to speak for all employees in the bargaining unit, and the public employer is required by law to negotiate only with that union regarding the terms and conditions of employment for the public employees in the union's bargaining unit. *Id*. ¶¶ 31-32. The EERA specifies that public school employees like Plaintiffs may decide whether or not to join a union; accordingly, LAUSD only deducts UTLA union dues from the salary of every employee who has submitted a written authorization. *Id*. ¶¶ 36-37.

Carvalho is sued in his official capacity as the superintendent of LAUSD whereby he oversees and manages the collective bargaining process between LAUSD and UTLA. *Id*. ¶ 29. Carvalho also approved the collective bargaining agreement between LAUSD and UTLA. *Id*. Pursuant to the CBA, LAUSD (headed by Carvalho) deducts UTLA dues from the salary of each employee who has authorized dues deductions, which authorization continues until revoked by the employee in writing. *Id*. ¶ 37.

---

the complaint were not republished in the corrected version. *See* Notice of Errata, ECF No. 22; *see also* Corrected First Amended Complaint, ECF No. 29. For the sake of citing to a more complete document, the Court cites to the version of the complaint that includes the exhibits.

[2] The Court uses "public school employees" to describe the LAUSD bargaining unit at issue for the sake of brevity; a full description of the bargaining unit is described in Article 1 of the collective bargaining agreement between LAUSD and UTLA, a copy of which is attached to the complaint. *See id*., Ex. A. The specific outlines of the bargaining unit are immaterial to the issues here.

_____ : _____

Initials of Preparer

DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08589-SVW-SK | Date | July 21, 2025 |
|---|---|---|---|

| Title | *Kimberly Krieger et al v. Eric Banks et al* |
|---|---|

Plaintiffs identify as Jewish and Zionist and allege that UTLA officials and members have made a number of statements about the ongoing conflict in the Israel-Gaza region that are anti-Semitic or anti-Israel. *Id.* ¶¶ 9-22, 44-65. Because of their opposition to UTLA's political and ideological positions, each of the Plaintiffs resigned their union memberships. *Id.* ¶ 138. UTLA confirmed Plaintiffs' resignations but stated that dues deductions will continue until the anniversary of the date they agreed to become UTLA members. *Id.* ¶ 140.

Plaintiffs then sued Defendants, bringing three claims pursuant to 42 U.S.C. § 1983: 1) infringement of First Amendment rights, 2) violation of the doctrine of unconstitutional conditions; and 3) violation of procedural due process rights. *Id.* ¶¶ 163-226. In counts one and two, Plaintiffs allege that the exclusive bargaining arrangement infringes on their First Amendment rights; in count three, brought only against Carvalho, Plaintiffs allege that Carvalho's failure to provide any "pre-deprivation safeguards" before deducting dues violated their procedural due process rights. *Id.*

### III.    Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When

_____  :  _____

Initials of Preparer

DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08589-SVW-SK | Date | July 21, 2025 |
|---|---|---|---|
| Title | *Kimberly Krieger et al v. Eric Banks et al* | | |

there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Rule 12(c), meanwhile, provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks omitted). A court must construe all factual allegations in the pleadings in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

A motion under Rule 12(c) is considered "functionally identical" to a motion under Rule 12(b)(6). *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (citing *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). The key difference between these two motions is just the timing of the filing. *See Dworkin*, 867 F.2d at 1192.

**IV.     Discussion**

The Court finds that Plaintiffs' claims are barred by binding case law. Therefore, the Court grants the motion to dismiss.

**A.     *Knight* and *Mentele* foreclose Plaintiffs' claims.**

Defendants argue that Plaintiffs' free association challenges are barred by *Minnesota State Bd. for Cmty. Colleges v. Knight*, 465 U.S. 271 (1984), and *Mentele v. Inslee*, 916 F.3d 783 (9th Cir. 2019). Plaintiffs contend that *Knight* and *Mentele* can be distinguished. The Court first reviews *Knight* and *Mentele* and their application to Plaintiffs' claims.

In *Knight*, the Supreme Court considered a Minnesota law that "provide[d] for the division of public employees into appropriate bargaining units and establishe[d] a procedure, based on majority support within a unit, for the designation of an exclusive bargaining agent for that unit." *Knight*, 465

Initials of Preparer

DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08589-SVW-SK | Date | July 21, 2025 |
|---|---|---|---|
| Title | *Kimberly Krieger et al v. Eric Banks et al* | | |

U.S. at 273-75. The law "require[d] public employers to 'meet and negotiate' with exclusive representatives concerning the 'terms and conditions of employment.'" *Id.* Accordingly, employers could "neither 'meet and negotiate' nor 'meet and confer' with any members of that bargaining unit except through their exclusive representative." *Id.* A group of twenty Minnesota community college faculty instructors, who were not deemed the exclusive bargaining representative for college faculty, challenged the law. *Id.* at 275-79. The Supreme Court upheld the law, concluding that the nonmembers' "speech and associational rights...have not been infringed by Minnesota's restriction of participation in 'meet and confer' sessions to the faculty's exclusive representative. [Minnesota] has in no way restrained [the nonmembers'] freedom to speak on any education-related issue or their freedom to associate or not to associate with whom they please." *Id.* at 288. The Court further stated that the nonmembers' "associational freedom has not been impaired. [They] are free to form whatever advocacy groups they like." *Id.* at 289.

Subsequent to *Knight*, the Supreme Court decided *Janus v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31*, 585 U.S. 878 (2018). In that case, the Supreme Court made notable rulings regarding other aspects of the First Amendment and its applicability to unions. As to the exclusive bargaining issue, *Janus* raised the issue and seemed not to disturb *Knight*'s holding. *Id*. at 916 ("It is also not disputed that the State may require that a union serve as exclusive bargaining agent for its employees—itself a significant impingement on associational freedoms that would not be tolerated in other contexts. We simply draw the line at allowing the government to go further still and require all employees to support the union irrespective of whether they share its views.").

Then, *Mentele*, a post-*Janus*, binding Ninth Circuit case, reaffirmed *Knight* in light of *Janus*. In *Mentele*, two Washington state childcare providers challenged, on free association grounds, the state's authorization of a specific union to act as the exclusive bargaining representative for all of Washington's publicly subsidized childcare providers, including union nonmembers. *Mentele*, 916 F.3d 784–85; Wash. Rev. Code § 41.56.080 (certified unions are "required to represent[] all the public employees within the unit without regard to membership."). The Ninth Circuit analyzed both *Knight* and *Janus*, found *Janus* did not overrule *Knight*, and held that Washington's authorization of the exclusive bargaining representative did not infringe the union nonmembers' First Amendment rights. *Id.* at 786-89 ("The same passage [appellant] identifies as evidence that *Knight* did not survive *Janus* goes on to expressly affirm the propriety of mandatory union representation, which is consistent with *Knight*. *Janus* is also

|  |  | : |  |
|---|---|---|---|
| | Initials of Preparer | | |
| | DTA | | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08589-SVW-SK | Date | July 21, 2025 |
|---|---|---|---|
| Title | *Kimberly Krieger et al v. Eric Banks et al* | | |

clear that the degree of First Amendment infringement inherent in mandatory union representation is tolerated in the context of public sector labor schemes.").

*Knight* and *Mentele* deal squarely with the issue raised by Plaintiffs and hold that Plaintiffs' claims are barred. Therefore, in order for Plaintiffs' claims to proceed, they must present a plausible reason that *Knight* and *Mentele* are not controlling under these circumstances.

**B.      Plaintiffs fail to distinguish *Knight* and *Mentele***

None of Plaintiffs' arguments as to why *Knight* and *Mentele* are controlling are availing, and therefore *Knight* and *Mentele* control.

**1.      Association with UTLA's Expressive Speech**

Plaintiffs argue that the exclusive bargaining arrangement results in Plaintiffs being forced to associate with UTLA's speech in an objectionable way. Plaintiffs argue that this association is akin to the Ninth Circuit's holding in *Crowe v. Oregon State Bar*, 112 F.4th 1218 (9th Cir. 2024).

However, *Crowe* is inapposite because *Crowe* regarded a law that *required* attorneys to become members of a bar association and pay it dues, and specific communications that made it appear that all the member attorneys supported the bar association's views. *Crowe*, 112 F.4th at 1225-27. Plaintiffs' union memberships, unlike the bar association membership in *Crowe*, were voluntary, and indeed Plaintiffs here have resigned their union memberships and are no longer members of UTLA. That difference alone—central in the holdings of *Knight* and *Mentele*—counsels that *Crowe* is irrelevant here. Moreover, Plaintiffs have failed to suggest any ways that the specific statements "suggested that all members agreed with it," *id*. at 1236, and it is unclear that even if such facts were present that they would suffice given that Plaintiffs are admittedly no longer members of UTLA anyway.

In any event, *Knight* suggests that Plaintiffs' contention that reasonable observers would associate them with UTLA—or at least that any such association would run afoul of the First Amendment—is incorrect. *See Knight*, 465 U.S. at 276 (upholding exclusive bargaining agreement despite state board's acknowledgement that "not every instructor agrees with the official faculty view on

_____ : _____
Initials of Preparer

DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08589-SVW-SK | Date | July 21, 2025 |
|---|---|---|---|
| Title | *Kimberly Krieger et al v. Eric Banks et al* | | |

every policy question").

    *Mentele* expands on this point, stating that "*Knight* acknowledged that exclusive bargaining required the State to treat the union representatives as expressing 'the faculty's official collective position' *even though* 'not every instructor agrees with the official faculty view on every policy question.'" *Mentele*, 916 F.3d at 788 (quoting *Knight*, 465 U.S. at 276) (emphasis in original). The *Mentele* court went on to note that *Knight* "expressly concluded that such a system 'in no way restrained appellees'…freedom to associate *or not to associate with whom they please, including the exclusive representative*,'…and it approved the requirement that bound non-union dissenters to exclusive union representation." *Id*. at 789 (quoting *Knight*, 465 U.S. at 188) (citations omitted) (emphasis in original). Therefore, *Mentele* and *Knight* reject this attempted distinction.

### 2.    Reputational Injury

    Plaintiffs argue along similar lines that their alleged injury, as a reputational injury via continued association with Defendants, differs significantly from the injury suffered by the plaintiffs in *Knight* or *Mentele*. Plaintiffs argue again that this injury is in line with *Crowe*, which found a reputational harm. *Crowe*, 112 F.4th at 1236 (finding that "in the particular circumstances of this case, [plaintiff] has shown that a reasonable observer would attribute meaning to his membership in [the bar association] because" the objectionable statement "suggested that all members agreed with it"). The same distinctions in the facts between *Crowe* and this case the Court previously identified remain relevant here, and counsel that *Crowe* is inapposite.

    Moreover, the nature of Plaintiffs' injury is a distinction without a difference. While the injury here may be of a different character as in *Knight* or *Mentele*, the injury complained of arises from infringement of the same *right*, which *Knight* and *Mentele* hold is not infringed in this scenario, as the Court has explained. That Plaintiffs complain of a different injury because of a supposed restraint on their freedom is irrelevant when binding Ninth Circuit and Supreme Court precedent holds that their freedom has not been restrained in the first place, at least in any actionable way. Therefore, this argument also fails to distinguish *Knight* and *Mentele*.

    Left without a colorable reason that *Knight* and *Mentele* are not controlling, the Court finds that

|  |  | : |  |
|---|---|---|---|
| | Initials of Preparer | | |
| | | DTA | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08589-SVW-SK | Date | July 21, 2025 |
|---|---|---|---|
| Title | *Kimberly Krieger et al v. Eric Banks et al* | | |

*Knight* and *Mentele* are controlling and that they foreclose Plaintiffs' First Amendment claims. Therefore, Plaintiffs' claims arising under the First Amendment (counts one and two) fail.

### C.    Plaintiffs' union dues are not subject to due process scrutiny.

Plaintiffs' due process claim, based on allegedly improperly deducted union dues, similarly fails. Voluntarily authorized union dues are not a property interest triggering due process scrutiny. *Wagner v. Univ. of Washington*, No. 20-35808, 2022 WL 1658245, at *1 (9th Cir. May 25, 2022); *see also Wheatley v. New York State United Tchrs.*, 80 F.4th 386, 392-93 (2d Cir. 2023) ("Because Appellant was contractually obligated to pay union dues pursuant to the Membership Agreement that she voluntarily signed, and the District's withholding of union dues did not constitute a violation of her First Amendment rights, Appellant's Fourteenth Amendment claim fails."). Therefore, Plaintiffs' procedural due process claim (count three) fails.

### D.    Plaintiffs' claims are dismissed with prejudice.

In sum, Plaintiffs' claims all fail for legal reasons arising from well-established Ninth Circuit and Supreme Court case law. Amendment is therefore futile. *See Sweet v. California Ass'n of Psychiatric Technicians*, No. 2:19-CV-00349-JAM-AC, 2019 WL 4054105 (E.D. Cal. Aug. 28, 2019) (dismissing with prejudice First Amendment challenge to exclusive bargaining arrangement based on *Knight* and *Mentele*); *Grossman v. Hawaii Gov't Emps. Ass'n/AFSCME Loc. 152*, 382 F. Supp. 3d 1088, 1092 (D. Haw. 2019) (same). Therefore, the Court dismisses Plaintiffs' claims with prejudice.

## V.    Conclusion

For the foregoing reasons, the PERB Defendants' motion to dismiss, Carvalho's motion to dismiss, and UTLA's motion for judgment on the pleadings are GRANTED. Plaintiffs' claims are dismissed WITH PREJUDICE.

**IT IS SO ORDERED.**

_____    :    _____

Initials of Preparer

DTA